## Phelps v. City of Lexington, et al.

(Decided December 17, 1915.)

### Appeal from Fayette Circuit Court.

Municipal Corporations—Creation of Indebtedness for Benefit of Schools—Limitation.—Under section 3235a, of the Kentucky Statutes, a city of the second class may, on request of the board of education of the city, submit to the people the question of the creation of an indebtedness for school purposes, and the issual of bonds therefor. But the total outstanding bonds for school purposes shall never exceed $250,000, and an issual of bonds in excess of this amount is void.

GEORGE C. WEBB for appellant.

JAMES G. DENNY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This appeal is from a judgment of the Fayette circuit court handed down in a suit brought by the appellant to test the validity of the creation of a debt of $100,000.00, and the issue of city bonds therefor to provide funds for public school improvement purposes. The circuit court, being of the opinion that all steps taken in

the matter were regular and authorized by law, dismissed the petition.

It' appears from the record that in .July, 1915,. the board of education of the city of Lexington, in accordance with section 3235-a, sub-section ·28, of the Kentucky Statutes, requested the board of commissioners of the city of Lexington to call an election to ascertain the will of the people on the question whether an issue of bonds of the city of Lexington in the sum of $100,000.00 should be made for the purpose of providing additional school buildings and completing and .equipping other school buildings in the city. In pursuance of this request the board of commissioners, in August, 1915, ordained that there should be submitted · to the voters of the city at the regular election of that year the question: ''Are you in favor of the proposition that the city of Lexington incur an indebtedness of $100,000.00 and issue bonds therefor, payable $20,000.00 in five years and $4,000.00 each year thereafter until the said indebtedness is paid, bearing interest at the rate of 5% per annum, payable semi-annually, to provide funds and construct and equip two additional school buildings and complete and equip one school building?''

This ordinance further set out in detail the other facts necessary to comply with the statute. Due notice of this proposed bond issue was given and the question submitted to the people at the November election, 1915, in such a manner as that they could clearly understand the purpose and effect of the proposed bond issue. It further appears from the record that at the election held in November 6,481 votes were polled, 5,324 in favor of the proposition and 1,157 against it.

After the result of the election had been ascertained and certified to the board of commissioners, the board adopted an ordinance setting out that the bond issue had been directed by the people and that bonds should be issued in accordance with the ordinance previously adopted. It further made provision for the levying of a tax to pay the interest and to create a sinking fund. It further appears that the bonded indebtedness of the city, including the contemplated indebtedness for school purposes, does not exceed the constitutional limit. So that unless the bonded indebtedness for school purposes, including the contemplated issue of $100,000.00, will exceed $250,000.00, we find no objection to the creation of

the indebtedness or the validity of the proposed bond issue.

But section 3235a, sub-section 28, authorizing the issual of bonds for school purposes, provides, in part, that: "No submission of the question of issuing bonds hereunder shall be had prior to the regular municipal election in November, 1913, and the total outstanding issue of bonds for school purposes, including bonds already issued, shall never exceed $250,000.00. The question to be submitted shall be so framed that the voter may by his vote answer for or against."

The record does not show what the bonded indebtedness of the city for school purposes is, but if the bonded indebtedness for school purposes, including this proposed $100,000.00 bond issue, exceeds $250,000.00, then the bond issue in excess of $250,000.00 would be in violation of the statute. As the record before us, however, does not show the amount of the bond issue for school purposes, and there being no other objection to the judgment, it is affirmed.